EXHIBIT A

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF RICHLAND ) | Civil Action No.: 2013-CP-40-_____ |
| ) | |
| Shirley Broome, ) | |
| ) | |
| Plaintiff, ) | SUMMONS |
| ) | (Jury Trial Demanded) |
| vs. ) | |
| ) | |
| Samsung Telecommunications America, ) | |
| LLC, Samsung Telecommunications ) | |
| America, Inc., Samsung Electronics ) | |
| America, LLC, Sprint Nextel Corporation ) | |
| and Sprint Spectrum, L.P., and John Doe ) | |
| Corporation, and John Doe Corporation, | |
| Defendants. | |

TO: THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to said complaint on the subscribed, Mike Kelly Law Group, LLC., 500 Taylor Street, Post Office Box 8113, Columbia, South Carolina 29202, within THIRTY (30) days after the service hereof, exclusive of the date of such service. If you fail to answer the complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

Respectfully Submitted,
MIKE KELLY LAW GROUP, LLC

BY: _____
D. Michael Kelly
Walton J. McLeod, IV
mkelly@mklawgroup.com
500 Taylor Street
Post Office Box 8113, Columbia, SC 29201
803/726-0123
Attorney for Plaintiff

Columbia, South Carolina
January 3, 2013

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND ) | Civil Action No.: |
| Shirley Broome, ) | |
| Plaintiff, ) | **COMPLAINT** (Jury Trial Demanded) |
| vs. ) | |
| Samsung Telecommunications America, LLC, Samsung Telecommunications America, Inc., Samsung Electronics America, LLC, Sprint Nextel Corporation, Sprint Spectrum, L.P., and John Doe Corporation, ) | |
| Defendants. | |

The Plaintiff would respectfully show this Honorable Court that:

### JURISDICTION AND VENUE

1. Plaintiff Shirley Broome is a citizen and resident of Richland County, South Carolina.

2. That upon information and belief, Defendant Samsung Telecommunications America, LLC (hereinafter "STA") is a Texas based corporation engaged in the business of designing, developing, marketing and selling products for the home lifestyle markets for profit. That upon information and belief, Defendant STA transacted and continues to transact business in this State and/or provides goods with the reasonable expectation that those goods would be rendered in this State. Defendant STA purposefully availed itself of the opportunity of conducting business in the State of South Carolina by distributing goods in this State. Such business operations by Defendant STA had an impact on the commerce of South Carolina and made it reasonably foreseeable that such transactions would have consequences in the State of South Carolina. By contracting to sell goods and distributing goods in the State of South

Carolina, Defendant STA established the sufficient minimum contacts necessary such that it could reasonably anticipate being haled into court in the State of South Carolina.

3.    That upon information and belief, Defendant Samsung Telecommunications America, Inc. (hereinafter "STA, Inc.") is a Texas based corporation engaged in the business of designing, developing, marketing and selling products for the home lifestyle markets for profit. That upon information and belief, Defendant STA Inc. transacted and continues to transact business in this State and/or provides goods with the reasonable expectation that those goods would be rendered in this State. Defendant STA Inc. purposefully availed itself of the opportunity of conducting business in the State of South Carolina by distributing goods in this State. Such business operations by Defendant STA Inc. had an impact on the commerce of South Carolina and made it reasonably foreseeable that such transactions would have consequences in the State of South Carolina. By contracting to sell goods and distributing goods in the State of South Carolina, Defendant STA Inc. established the sufficient minimum contacts necessary such that it could reasonably anticipate being haled into court in the State of South Carolina.

4.    That upon information and belief, Defendant Samsung Electronics America, LLC, (hereinafter "SEA") is a New York based corporation engaged in the business of designing, developing, marketing and selling products for the home lifestyle markets for profit. That upon information and belief, Defendant SEA transacted and continues to transact business in this State and/or provides goods with the reasonable expectation that those goods would be rendered in this State. Defendant SEA purposefully availed itself of the opportunity of conducting business in the State of South Carolina by distributing goods in this State. Such business operations by Defendant SEA had an impact on the commerce of South Carolina and made it reasonably

foreseeable that such transactions would have consequences in the State of South Carolina. By contracting to sell goods and distributing goods in the State of South Carolina, Defendant SEA established the sufficient minimum contacts necessary such that it could reasonably anticipate being haled into court in the State of South Carolina.

5.    That upon information and belief, Defendant Sprint Nextel Corporation (hereinafter "Sprint-Nextel") is a Kansas corporation with its principal place of business at 2001 Edmund Halley Drive, Reston, Virginia. That upon information and belief, Defendant Sprint Nextel transacted and continues to transact business in this State and/or provides goods with the reasonable expectation that those goods would be rendered in this State. Defendant Sprint Nextel purposefully availed itself of the opportunity of conducting business in the State of South Carolina by distributing goods in this State. Such business operations by Defendant Sprint Nextel had an impact on the commerce of South Carolina and made it reasonably foreseeable that such transactions would have consequences in the State of South Carolina. By contracting to sell goods and distributing goods in the State of South Carolina, Defendant Sprint Nextel established the sufficient minimum contacts necessary such that it could reasonably anticipate being haled into court in the State of South Carolina.

6.    That upon information and belief, Defendant Sprint Spectrum, L.P. (hereinafter "Sprint-Spectrum") is a Delaware limited partnership with its principal place of business at 6160 Sprint Parkway, Overland, Kansas. That upon information and belief, Defendant Sprint Spectrum transacted and continues to transact business in this State and/or provides goods with the reasonable expectation that those goods would be rendered in this State. Defendant Sprint Spectrum purposefully availed itself of the opportunity of conducting business in the State of South Carolina by distributing goods in this State. Such business operations by Defendant Sprint

4

Spectrum had an impact on the commerce of South Carolina and made it reasonably foreseeable that such transactions would have consequences in the State of South Carolina. By contracting to sell goods and distributing goods in the State of South Carolina, Defendant Sprint Spectrum established the sufficient minimum contacts necessary such that it could reasonably anticipate being haled into court in the State of South Carolina

7.   That upon information and belief, Defendant John Doe Corporation is a corporation, the name and address of which is unknown at the time. Defendant John Doe Corporation is subject to the jurisdiction of this court in that Defendant, who transacted and continues to transact business in this State, has been involved in the manufacturing, distribution and/or selling of a defective and/or unreasonably dangerous cell phones, particularly the Samsung S30 phone, in whole or in part in this State, and/or has provided services with the reasonable expectation that those services would be rendered in this State.

Defendant John Doe Corporation availed itself through conducting business in the State of South Carolina. By manufacturing, distributing and/or selling the subject cell phone of this action, Defendant John Doe Corporation possesses the sufficient minimum contacts with South Carolina such that it could reasonably anticipate being haled into court there.

7.   Jurisdiction and venue are proper over the Defendants.

## FACTUAL ALLEGATIONS

8.   In the late part of 2009, Plaintiff Shirley Broome purchased a Samsung S30 cellular phone manufactured, distributed and sold by Defendants. The Samsung S30 phone was purchased through her cell phone provider Sprint.

9. On February 24, 2010, Plaintiff attempted to make a phone call with her Samsung S30 phone. When the phone was placed to her right ear it emitted a loud, intense and piercing noise directly into Plaintiff's right ear.

10. Plaintiff thought this noise emission to be an isolated incident and thereafter continued to use the phone. On or about February 17, 2011, the same Samsung S30 phone once again emitted a comparable loud and piercing noise. Plaintiff brought the phone to local Sprint Store #3244 and those Sprint store employees were able to witness the loud and piercing noise emanate from the cell phone. After such employees heard the noise, the Plaintiff received a new cell phone and retained possession of the Samsung S30 phone that emanated the loud and piercing noise.

11. As a result of this incident, Plaintiff sustained serious and permanent injuries and impairment to the hearing in her right ear, which caused her to suffer and endure considerable pain, discomfort and emotional distress. Plaintiff Shirley Broome has been compelled to expend significant sums of monies for medical treatments and for the services of doctors under whose care she has been and under whose care, she will, upon information and belief, be compelled to be in the future and she will, upon information and belief, also be compelled to expend additional monies for further medical and doctors' treatments required in the future. Plaintiff Shirley Broome has and will continue to be deprived of the normal enjoyments of life she otherwise would have; and she, upon information and belief, will continue to have to endure discomforting pain and suffering which she otherwise would not have, and she has been otherwise injured and damaged. Plaintiff Shirley Broome has suffered and will in the future suffer impairment of health and bodily efficiency and emotional distress.

## FOR A FIRST CAUSE OF ACTION

### (Strict Liability – Violation of South Carolina's

### Defective Products Act, S.C. Code Ann. § 15-73-10)

12.     Plaintiff restates and realleges each and every allegation as if repeated herein verbatim.

13.     At all times relevant herein, the Samsung S30 phone ("cell phone") used by Plaintiff Shirley Broome was designed and manufactured and distributed by Defendants. The Samsung S30 phone was in essentially the same condition at the time of the incident as it was when it left the Defendants' facilities, undergoing no subsequent modifications. Plaintiff Shirley Broome's injury occurred because the product was in a defective condition unreasonably dangerous to Plaintiff Shirley Broome when it left the hands of the manufacturer and/or suppliers and was more dangerous than an ordinary consumer would expect.

14.     Defendants' actions and/or omissions as described herein violate S.C. Code Ann. § 15-73-10, which pertains to the liability of a seller for a defective product. Specifically, South Carolina's Defective Product Act provides:

> § 15-73-10. **Liability of seller for defective product.** (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm caused to the ultimate user or consumer, or to his property, if
>
> (a) The seller is engaged in the business of selling such a product, and
>
> (b) It is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

15.     These laws prescribe certain actions and define certain standards of conduct. Plaintiff Shirley Broome is in the class of persons sought to be protected by these laws. Plaintiff Shirley Broome's injuries represent the type of harm the statute was intended to prevent. To the

extent Defendants' conduct violated this statute, such conduct constitutes negligence per se. As aforementioned, Defendants are engaged in the business of selling cellular phones and the cell phone involved in this incident reached Plaintiff Shirley without a substantial change in the condition in which it was sold.

16.  As a proximate result of the defective cell phone, Plaintiff Shirley Broome has incurred medical expenses, and has suffered mental anguish, emotional distress, disfigurement, physical pain and suffering, and impairment of health and bodily efficiency.

## FOR A SECOND CAUSE OF ACTION

### (Negligence)

17.  Plaintiff restates and realleges each and every allegation as if repeated herein verbatim.

18.  At all times relevant herein, the cell phone used by Plaintiff Shirley Broome was designed, manufactured and distributed by Defendants. Defendants had a duty to exercise due care in designing, manufacturing and distributing the cell phone against any possible defects that could injure Plaintiff Shirley Broome, a foreseeable user of the product.

19.  Defendants were negligent, grossly negligent, willful, wanton, and reckless in one or more of the following particulars:

   a.  In failing to properly design the cell phone;

   b.  In failing to properly manufacture the cell phone;

   c.  In failing to warn users adequately of safety hazards associated with the design, manufacture and use of the cell phone;

   d.  In failing to provide adequate instructions to users on the safe operation of the cell phone;

  e.  In distributing a hazardous product; and

  f.  In such other and further particulars as may be ascertained during the course of discovery or trial of this case.

20. The injuries and damages as above-mentioned suffered by Plaintiff Shirley Broome were directly and proximately caused by the negligent, grossly negligent, willful, wanton and reckless acts of Defendants.

### FOR A THIRD CAUSE OF ACTION

### (Breach of Warranty)

21. Plaintiff re-states and re-alleges each and every allegation as if repeated herein verbatim.

22. By virtue of sale of the cell phone for use by an ultimate consumer, Defendants impliedly warranted to Plaintiff Shirley Broome that the cell phone was merchantable and fit for the purpose intended.

23. The cell phone, in fact, was not merchantable or fit for the ordinary purposes for which it was intended to be used, in that it was defective and unreasonably dangerous, rendering it unsafe for the foreseeable uses for which it was designed. That Plaintiff Shirley Broome was a foreseeable user of the cell phone and could reasonably be expected to be affected by the cell phone.

24. The injuries and damages aforementioned suffered by Plaintiff Shirley Broome were directly and proximately caused by the breach of implied warranty of merchantability by Defendants.

## JURY TRIAL DEMAND

25.  Plaintiff hereby demands that all issues in this case triable before a jury be so tried.

## DAMAGES

WHEREFORE, Plaintiff prays for judgment against Defendants in a sum sufficient to adequately compensate her for her actual damages, punitive damages, the costs of this action, any relief a jury may award, and for such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

MIKE KELLY LAW GROUP, LLC

BY: _____
D. Michael Kelly
Walton J. McLeod, IV
500 Taylor Street
Post Office Box 8113
Columbia, SC 29201
803/726-0123
Attorneys for Plaintiff

Columbia, South Carolina
January 3, 2013