IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Shirley Broome, ) | Civil Action No. 3:13-cv-00418-TLW |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **ANSWER OF DEFENDANT** |
| Samsung Telecommunications America, LLC, ) | **SPRINT SPECTRUM, L.P.** |
| Samsung Telecommunications America, Inc., ) | |
| Samsung Electronics America, LLC, Sprint ) | |
| Nextel Corporation, Sprint Spectrum, L.P., and ) | |
| John Doe Corporation, ) | |
| ) | |
| Defendants. ) | |

Defendant Sprint Spectrum, L.P. ("**Sprint Spectrum**" or "**Defendant**") responds to the Plaintiff's Complaint as follows:

1. Sprint Spectrum denies all allegations of the Complaint not expressly admitted herein. Further, Sprint Spectrum responds to the Complaint on behalf of itself only, and not on behalf of Sprint Nextel Corporation or any other entity. To the extent that Plaintiff's Complaint makes allegations against the "Defendants" (plural), Sprint Spectrum responds herein on behalf of itself only.

2. Sprint Spectrum lacks information and belief as to the allegations of Paragraph 1 through 4 of the Complaint, and therefore denies the same and demands strict proof thereof.

3. Upon information and belief, Sprint Spectrum admits only so much of Paragraph 5 as alleges that Defendant Sprint Nextel Corporation is a corporation organized under the laws of the state of Kansas with its principal place of business in Kansas. Sprint Spectrum denies the remaining allegations of Paragraph 5 and demands strict proof thereof.

WCSR 7670148v1

4. Responding to Paragraph 6 of the Complaint, Sprint Spectrum admits that it is a foreign limited partnership organized under the laws of the state of Delaware with its principal place of business in Kansas.  Sprint Spectrum admits that it is in the business of providing wireless telecommunication services, including in the State of South Carolina.  Sprint Spectrum currently lacks information or belief as to which Sprint entity distributed or sold the subject phone.  Sprint Spectrum denies the remaining allegations of Paragraph 6 and demands strict proof thereof.

5. Sprint Spectrum lacks information and belief as to the allegations of Paragraph 7, and therefore denies the same and demands strict proof thereof.

6. The second Paragraph 7 of the Complaint consists of legal conclusions as to jurisdiction and venue, to which no response is required; to the extent any response is required, the allegations are denied, based upon lack of information.

**FACTUAL ALLEGATIONS**

7. Responding to Paragraph 8 of the Complaint, Sprint Spectrum admits only that it is in the business of providing wireless telecommunication services, including in the State of South Carolina.  Sprint Spectrum currently lacks information or belief as to which Sprint entity distributed or sold the subject phone, and denies the remaining allegations and demands strict proof thereof.

8. Sprint Spectrum denies the allegations of Paragraphs 9 through 11 of the Complaint and demands strict proof thereof.

**FOR A FIRST CAUSE OF ACTION**
**(Strict Liability)**

9. Responding to Paragraph 12, Sprint Spectrum incorporates by reference the foregoing responses.

10. Responding to Paragraph 13 of the Complaint, Sprint Spectrum admits only that it is in the business of providing wireless telecommunication services, including in the State of South Carolina.  Sprint Spectrum currently lacks information or belief as to which Sprint entity distributed or sold the subject phone, and denies the remaining allegations and demands strict proof thereof.

11. Sprint Spectrum denies the allegations of Paragraphs 14 through 16 of the Complaint and demands strict proof thereof.

**FOR A SECOND CAUSE OF ACTION**
**(Negligence)**

12. Responding to Paragraph 17, Sprint Spectrum incorporates by reference the foregoing responses.

13. Responding to Paragraph 18 of the Complaint, Sprint Spectrum admits that it is in the business of providing wireless telecommunication services, including in the State of South Carolina.  Sprint Spectrum currently lacks information or belief as to which Sprint entity distributed or sold the subject phone, and denies the remaining allegations and demands strict proof thereof.

14. Sprint Spectrum denies the allegations of Paragraphs 19 and 20 of the Complaint, including all sub-parts, and demands strict proof thereof.

## FOR A THIRD CAUSE OF ACTION
### (Breach of Warranty)

15. Responding to Paragraph 21, Sprint Spectrum incorporates by reference the foregoing responses.

16. Sprint Spectrum denies the allegations of Paragraphs 22 through 24 of the Complaint and demands strict proof thereof.

## JURY TRIAL DEMAND

17. Paragraph 25 consists of a demand for jury trial, which requires no response from this Defendant.

## DAMAGES

18. Sprint Spectrum denies that the Plaintiff is entitled to the damages and relief requested in the unnumbered "WHEREFORE" paragraph.

## AFFIRMATIVE DEFENSES

Although Sprint Spectrum has not yet had the opportunity to fully investigate or conduct discovery regarding Plaintiff's claims, Sprint Spectrum believes that there may be facts potentially establishing the availability of certain affirmative defenses. In order to preserve those defenses, Sprint Spectrum alleges the following:

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Defendant specifically denies any and all liability to Plaintiff; Defendant asserts that Plaintiff's claims may be barred, in whole or in part, by the provisions of and defenses within the Restatement (Second) of Torts § 402A and comments thereto. See S.C. Code § 15-73-30.

3. Some or all of the Plaintiff's claims may be barred by the applicable statutes of

repose and/or limitation.

4. Some or all of the Plaintiff's claims may be barred by the state of the art doctrine.

5. The incident described in the Complaint and Plaintiff's resulting injuries were proximately caused by the abuse, misuse, improper use, improper maintenance and/or repair, alteration, or modification of the subject product or other failure to use and maintain it in a safe condition and the failure to exercise reasonable care under circumstances in the use of the product.

6. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel, waiver, and/or laches.

7. Neither Defendant nor the subject product was the factual, legal or proximate cause of the Plaintiff's damages, if any.

8. Some or all of the Plaintiff's claims may be barred, in whole or in part, by the negligent conduct of third parties over whom Defendant had no control.

9. Some or all of the Plaintiff's claims may be barred by a superseding and/or intervening cause.

10. Plaintiff's claims may be barred, in whole or in part, by the assumption of the risk doctrine; Plaintiff's claims may be barred by operation of S.C. Code § 15-73-20, et seq. to the extent that Plaintiff knew of any alleged defect, was aware of the danger, and nevertheless proceeded unreasonably to make use of the subject product.

11. Plaintiff had knowledge of and assumed all risks by reason of the manner in which the subject product was being operated, maintained, serviced, installed or used. Plaintiff's claims for damages against Defendant should, therefore, be barred or reduced.

12. Any injury was due and proximately caused and occasioned by the intervening

negligence, recklessness, willfulness and wantonness of a person or company other than Defendant, and that such intervening negligence, recklessness, willfulness and wantonness was the sole cause of Plaintiff's injuries.

13. Plaintiff's damages, if any, may have been caused, in whole or in part, by the malfunction/failure of a component not designed, manufactured and/or sold by Defendant.

14. Plaintiff's damages, if any, are speculative, uncertain and hypothetical, and do not form the basis for any relief from Defendant.

15. Plaintiff's claims may be barred, in whole or in part, because any damages and injuries allegedly incurred or sustained by Plaintiff may have been caused, in whole or in part, by Plaintiff's contributory or comparative negligence, fault, responsibility, or causation, and want of due care. Therefore, any recovery by the Plaintiff should be barred or reduced accordingly. Defendant pleads the applicability of S.C. Code § 15-38-10, et seq.

16. The damages sought by Plaintiff were due to and proximately caused by substantial changes, alterations and modifications of the subject product which were brought about by the acts and omissions of other parties after the subject product left the care, custody and control of Defendant and, therefore, Plaintiff may not recover against Defendant.

18. Plaintiff's claim for breach of warranty is barred because: any such warranty is expressly excluded, disclaimed, and limited by any written warranty which may have accompanied the sale of the subject product; any warranty had expired prior to the incident date; Plaintiff and/or the owner of the subject product failed to give timely notice of any alleged breach of warranty; Plaintiff's recovery for breach of warranty is limited to those remedies set forth in the written warranty that accompanied the sale of the subject product; and Plaintiff's warranty claims may be barred, in whole or in part, by applicable provisions of South Carolina's

U.C.C. and common law interpreting it.

19.     The imposition of punitive damages would violate the equal protection, due process, and excessive fines clauses of the United States and South Carolina Constitutions. Plaintiff's claims for punitive damage cannot be sustained because no provision of South Carolina law or the South Carolina punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth in Philip Morris, Inc. v. Williams, 127 S. Ct. 1057, 1060-61 (2007), State Farm Mutual Automobile Ins. Co. v. Campbell, 123 S. Ct. 1513 (2002), BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), Pacific Mutual Life Insurance Company v. Haslip, 499 U.S. 1 (1990) and Matthews v. Eldridge, 424 U.S. 319 (1976) for the imposition of a punitive award. With respect to Plaintiff's demand for punitive damages, Defendant specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards which arise in the decisions of the United States Supreme Court, including but not necessarily limited to those set forth above.

20.     None of Plaintiff's allegations state a claim sufficient to support an award of punitive damages.

21.     Plaintiff's claims for punitive damages should be dismissed insofar as they are based on strict liability or breach of warranty theories.

22.     Defendant claims its right to set off settlement or judgment credits to the extent applicable and allowed pursuant to South Carolina law.

23.     Plaintiff's claims are barred, in whole or in part, because the subject product was designed, manufactured and assembled in compliance with all applicable industry and governmental standards and regulations.

24.     Plaintiff's claims are barred, in whole or in part, because the subject product was

designed, manufactured and assembled in conformance with the prevailing industry customs and practices.

25. Defendant has not yet completed its investigation of Plaintiff's allegations. Defendant intends to discover the pertinent facts and prevailing circumstances surrounding any injury or damage to Plaintiff as alleged in the Complaint, and gives notice of its intent to assert any further affirmative defenses that its information-gathering process may indicate is supported by fact and law, including but not limited to, a defense that the action is barred in whole or in part by any applicable statute, contract, release, or covenant. Defendant thus reserves the right to amend this Answer to assert any such defenses.

## **RELIEF REQUESTED**

WHEREFORE, Defendant Sprint Spectrum, L.P., denying liability to the Plaintiff, and denying that the Plaintiff is entitled to any relief sought by the Complaint or any relief whatsoever, demands judgment as follows:

1. For dismissal of the Complaint with prejudice or, alternatively, for a judgment in its favor and against Plaintiff; and

2. For costs and disbursements, as recoverable under applicable law, along with such other relief the Court deems just and proper.

WOMBLE CARLYLE SANDRIDGE & RICE, LLP

s/David S. Cox
_____
David S. Cox, Fed. ID No. 6041
Ashley A. Kutz, Fed. ID No. 10369
5 Exchange Street
Charleston, SC  29401
(843) 722-3400
*Attorneys for Defendant Sprint Spectrum, L.P.*

February 22, 2013
Charleston, South Carolina